**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| RICHARD FRIEDMAN, et al., | Civil Action No. |
| Plaintiffs, | 2:14-cv-1988 (SDW)(SCM) |
| v. | **OPINION AND ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE [D.E. 17] AND PLAINTIFFS' CROSS-MOTION TO STAY [D.E. 22]** |
| JPMORGAN CHASE & CO., et al., | |
| Defendants. | |

STEVEN C. MANNION, United States Magistrate Judge

**I.   INTRODUCTION**

Before this Court is defendants JP Morgan Chase & Co; JP Morgan Chase Bank, N.A.; J.P. Morgan Securities, LTD.; John Hogan and Richard Cassa (collectively "Defendants'") motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) and §1406(a). (D.E. 17).  Plaintiffs oppose and assert Defendants failed to meet their burden of proving transferring the matter would be more convenient to the parties or witnesses. (D.E. 21).  Plaintiffs also moved to stay the transfer motion. (D.E. 22).  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  Upon consideration of the parties' submissions and for the reasons set forth below,

Defendants' motion to transfer venue is **granted** and Plaintiffs' motion to stay is **terminated** as moot.

## II.   **BACKGROUND AND PROCEDURAL HISTORY**

On March 28, 2014, Plaintiffs, customers of Bernard L. Madoff ("Madoff"), filed a class action alleging Defendants' active complicity in Madoff and his company Bernard L. Madoff Investment Securities LLC's illegal activity violated Federal and New Jersey securities law. (D.E. 1, Compl.). Specifically, Plaintiffs' allege Defendants were aware that Madoff embezzled Plaintiffs' money and failed to reinvest it by purchasing securities. (D.E. 6, Am. Compl. ¶¶ 4-5). Plaintiffs seek damages for violations of the Securities Exchange Act, 15 U.S.C. 78t; New Jersey Uniform Securities Law, N.J.S.A. 49:3-47 et seq.; and various common law claims (i.e., aiding and abetting embezzlement; aiding and abetting breach of fiduciary duty; unjust enrichment; breach of fiduciary duty; commercial bad faith; and gross negligence); and the Federal and New Jersey Racketeer Influenced and Corrupt Organizations Act ("RICO") laws. *Id.* at ¶¶ 335-451.

On August 14, 2014, Defendants filed the present motion to transfer this action to the Southern District of New York. (D.E. 17). On September 22, 2014, Plaintiffs filed their opposition and a cross motion to stay this motion pending the

disposition of Defendants' pending "identical" motion to transfer filed in the Middle District of Florida.[1] (D.E. 21; 22).  On October 3, 2014, Defendants' filed a reply in support of their motion and an opposition to Plaintiffs' cross motion. (D.E. 34).

## III.   LEGAL STANDARD

A magistrate judge may consider and decide non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). A motion to transfer a case to another district is considered a non-dispositive motion. *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07-1229, 2008 U.S. Dist. LEXIS 15623, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008).  Further, the decision to grant or deny an application for transfer is discretionary. *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).  Consequently, if such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

The guidelines as to proper venue are governed by 28 U.S.C. § 1391.  Pursuant to subsection (b), venue is proper when:

---

[1] Plaintiffs' cross motion to stay the transfer motion pending the disposition of Defendants' motion to transfer filed in the Middle District of Florida is moot and therefore terminated (D.E. 22).  On January 16, 2015, the Honorable John E. Steele entered an opinion and order denying Defendants' motion to transfer venue. (D.E. 37).

> (1) a judicial district in which any
> defendant resides, if all defendants reside
> in the same State in which the district is
> located;
> (2) a judicial district in which a
> substantial part of the events or omissions
> giving rise to the claim occurred, or a
> substantial part of property that is the
> subject of the action is situated; or
>
> (3) if there is no district in which an
> action may otherwise be brought as provided
> in this section, any judicial district in
> which any defendant is subject to the
> court's personal jurisdiction with respect
> to such action."

28 U.S.C. § 1391(b).

However, 28 U.S.C. § 1404(a) allows for the transfer of any civil action "[f]or the convenience of the parties and witnesses [and] in the interest of justice" to "any other district or division where it might have been brought."  In analyzing a request to transfer venue, courts have not limited its consideration to the factors enumerated in § 1404(a).  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (internal citations and quotation marks omitted).

The Court in *Jumara* established factors in two categories to assist a court's analysis of a motion to transfer: private

interests and public interests.  *Id.*  In examining the private
interests, courts should look to the following factors: (1) the
plaintiff's forum preference; (2) the defendant's preference;
(3) whether the claim arose elsewhere; (4) the convenience of
the parties indicated by their relative physical and financial
condition; (5) the convenience of witnesses; and (6) the
location of books and records relevant to the dispute. *Id.*  The
last two factors are not relevant unless the witnesses and/or
records would be unavailable at trial in one of the two fora.
*Id.*  In considering the public interests, courts are instructed
to analyze: (1) the enforceability of the judgment; (2)
practical concerns that could reduce the time and expense
necessary to resolve the claims at issue; (3) the relative
administrative difficulty in the two fora resulting from court
congestion; (4) the local interest in deciding controversies at
home; (5) the public policies of the fora; and (6) the
familiarity of the trial judge with the applicable state law in
diversity cases.  *Id.* at 879-80.

The moving party bears the burden of proving a need for
transfer. *LG Elecs. v. First Int'l Computer*, 138 F. Supp. 2d
574, 586 (D.N.J. 2001). The party seeking to transfer must show
that the alternative venue is not only adequate, but also more
convenient than the current one. *Jumara*, 55 F.3d at 879; *Ricoh
Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J.

1993).  This burden is a heavy one; as the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

## IV.  DISCUSSION

Defendants argue that all relevant factors in considering whether transfer is appropriate weigh in favor of transferring this matter to the Southern District of New York.  (D.E. 17, Def.'s Br. at 1).  Defendants also argue this action could have originally been brought in New York because a "substantial part of the events or omissions giving rise to the claim[s] occurred" in New York.  *Id.* at 12-13.

Conversely, Plaintiffs argue that Defendants' motion should be denied because this action was properly commenced in this district. (Pl. Br. 5-6).  Plaintiffs further argue Defendants have failed to show that adjudicating this matter in the Southern District of New York is more convenient than the District of New Jersey.  *Id.*

As a threshold matter, the Court must first determine whether this action could have been properly brought in the Southern District of New York.  *See Cadapult*, 98 F. Supp. 2d at 568; *Shutte,* 431 F.2d at 25.  Defendants bear the burden of

6

demonstrating "the propriety of venue in the transferee district and jurisdiction over all of the defendants." *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001). Here, Plaintiffs do not dispute that this action could have properly been brought in the Southern District of New York, and concede the claims arose in New York, which satisfies proper venue pursuant to 28 U.S.C. § 1391 (b)(2). (D.E. 21, Pl.'s Opp. at 5). Therefore, this Court finds that venue would be appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391.

### A. PRIVATE INTEREST FACTORS

Accordingly, the Court now turns to whether the § 1404(a)[2] factors, as well as the relevant public and private interest factors, weigh in favor of such a transfer. Defendants assert the private interest in transferring venue favors transfer because Plaintiffs' forum preference is entitled to little weight; Defendants' preference is to transfer to the Southern District of New York; Plaintiffs' claims arose in New York; and the convenience factors weigh in favor of transfer. (D.E. 17,

---

[2] The Court applies § 1404(a) and declines to find that New Jersey is an improper venue for this dispute. *See Jumara*, 55 F.3d at 878 (stating that § 1404(a) provides for transfer from one proper forum to another while § 1406 provides for transfer of a case filed in a forum that is not the proper venue). "Section 1406 . . . applies where the original venue is improper and provides for either transfer or dismissal of the case. Thus, while either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal." *Jumara*, 55 F.3d at 878.

Def. Br. 13-19).   Conversely, Plaintiffs argue the private interest factors weigh heavily against transfer because Plaintiffs' choice of forum, even in a class action, should not be disturbed unless the balance tips decidedly in favor of transfer; Defendants' preference for an alternative forum is not given the same weight as Plaintiffs' preference; and the convenience of the parties and witnesses does not justify transfer because of the short distance between New Jersey and New York.   (D.E. 21, Pl.'s Opp'n. Br. at 6-14).

The Court finds the first and second private interest to weigh neither for or against transfer because Plaintiffs assert their preference is New Jersey, while Defendants asserts their preference is New York. While a plaintiff's choice of forum is of a "paramount concern," that preference is given less weight in class actions. *See Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996). Further, although Plaintiff's choice of forum is typically afforded great deference, it is not a right and "should not receive dispositive weight." *Jumara,* 55 F.3d 873, 880 (3d Cir. 1995).   Thus, this factor is neutral.

Regarding the third private interest factor, Plaintiffs' do not dispute the underlying claims in this matter arose in New York, and thus this factor weighs in favor of transfer.   (D.E. 17, Pl.'s Opp'n at 9).   The fourth private interest factor, the

relative proximity of the two venues, weigh against transfer because there is no evidence the convenience of the parties or witnesses relative to physical and financial conditions are negatively impacted by this case remaining in New Jersey. Lastly, the Court in *Jumara* indicated the last two factors are not relevant unless the witnesses and/or records would be unavailable at trial, and Defendants have not presented evidence demonstrating this obstacle exists in this case. *See Jumara*, F.3d at 879.

   **B. PUBLIC INTEREST FACTORS**

   Next, the Court looks to the public interest factors set forth in *Jumara* to determine whether transfer is appropriate pursuant to 28 U.S.C. § 1404(a). Defendants argue the public interest factors weigh in favor of transfer because the majority of parties in the case are located in New York; the underlying litigation took place in New York; the District of New Jersey is "more congested" than the Southern District of New York; New York has significant interest in deciding the controversy at issue; and it is likely New York will apply to the common law claims. (D.E. 17-1, at 19-33). Thus, Defendants argue the public interest factors overwhelmingly weigh in favor of transferring this matter to the Southern District of New York. *Id.*

In opposition, Plaintiffs argue the public interest factors weigh heavily against transfer because practical considerations do not favor transfer. (D.E. 21 at 15-20. Specifically, Plaintiffs argue the relative congestion factor does not favor or disfavor transfer; New Jersey has a strong interest in protecting its citizens; this District's familiarity with New Jersey law weighs against transfer; and the public policy of the District of New Jersey favors Plaintiffs' choice of forum. *Id.* at 15-20.

The Court finds the first public interest factor is neutral. A judgment rendered in either this District or the Southern District of New York will be equally enforceable.

Regarding the second public interest factor, the Court finds there exists practical concerns that could reduce time and expense necessary to resolve the claims at issue that weigh in favor of transfer. *See Jumara*, 55 F.3d at 879-80. Defendants assert transfer is appropriate because "significant" Madoff litigation has taken place in New York, and the Southern District of New York has developed an expertise and familiarity with the facts and issues of the case. (D.E. 17-1, Defs.' Br. at 20-21). The Court agrees. While there are currently no pending cases in the Southern District of New York, this District has held that transfer may be proper in cases where there are no other pending matters in the transferee venue. *See e.g. Yang v.*

*Odom*, 409 F. Supp. 2d 599, 608-09 (D.N.J. 2006) (holding that "the trial or other disposition of this matter would be more efficient and expeditious" if transferred because a trial judge in the transferee district had already "sifted through the extensive evidence, expert testimony, and massive discovery" in a related class action); *see also Estate of Grier ex rel. Grier v. Univ. of Pennsylvania Health Sys.*, No. 07-2475, 2007 U.S. Dist. LEXIS 73500, 2007 WL 2900394, at *5 (D.N.J. Oct. 1, 2007) (holding that, where defendants are all citizens of the transferee district and all the relevant events occurred in that district, transferring the litigation could make the trial easy, expeditious or inexpensive, regardless of whether there are pending related matters in the transferee district).  There has been substantial Madoff litigation in New York, which ties heavily to the facts in the present matter, evidenced by Plaintiffs' complaint relying significantly on the findings and facts established in those matters. (D.E. 6, Am Compl.)   It would therefore be a "waste of judicial resources for this Court to litigate Plaintiffs' claims from scratch." *Yang*, 409 F. sup. 2d at 608. Hence, the Court finds this factor to weigh in favor of transfer.

Next, the court finds the administrative difficulty resulting from court congestion does not weigh heavily in favor of transfer to the Southern District of New York.  "[A]lthough

courts may consider calendar congestion in ruling upon a § 1404(a) motion, relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 339 (D.N.J. 2003). Nevertheless, the Court notes that based upon the available statistics, the District of New Jersey hears over 100 more civil cases per year than the Southern District of New York. (D.E. 17 at 22-23; D.E. 21 at 17). While this District is indeed busier in terms of overall caseload than is the Southern District of New York, the difference is not so stark so as to overcome Plaintiffs' private interest in litigating this case in New Jersey.

As for the fourth factor, the "locus of operative facts is clearly the New York area…," *Dusek v. JP Morgan Chase & Co., et al.*, 2:14-cv-00184, ECF No. 68 (M.D.F.L. 2015), and because of the interest in deciding local controversies at home, the Court finds this factor to weigh in favor of transfer. Courts have an interest in deciding local controversies, and consequently, when an action "involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 201 (E.D. Pa. 2008). While Plaintiffs assert the New Jersey residents sustained injuries in New Jersey when they "mailed their checks to Madoff," it is undisputed that the bulk of the

12

controversy took place in New York. (D.E. 21 at 10). The underlying illegal activity took place in New York, which supports Plaintiffs' claims including embezzlement, aiding and abetting embezzlement, unjust enrichment, and the Securities Exchange Act violation. (D.E. 6, Am. Compl. at ¶¶ 368-451). Furthermore, Plaintiffs' amended complaint does not allege any violation or omission took place in New Jersey; in fact, New Jersey is only mentioned in the amended complaint when identifying the New Jersey Plaintiffs and the New Jersey claims. Therefore, the Court finds this factor weighs in favor of transfer.

As for the fifth factor, the public policies of the fora, the Court finds this factor does not clearly favor transfer because the public policies of fora derive from federal law. *See Optopics*, 947 F. Supp. at 826. Lastly, the Court finds the familiarity of the trial judge with the applicable state law in diversity cases is neutral because it is likely this case will involve federal law, New York Law,[3] and New Jersey law based on Plaintiffs' claims. (D.E. 6, Am. Compl. at ¶¶ 335-451).

---

[3] New York common law has been applied by at least one court to claims involving Madoff's Ponzi scheme. Dfnd Br. at 27, D.E. 17-1 (citing *Anwar v. Fairfield Greenwhich Ltd.*, 728 F.Supp.2d 372, 400 (S.D.N.Y. 2010)).

## V.   CONCLUSION

Based on the foregoing, this Court concludes that on balance, the *Jumara* factors weigh in favor of transfer and the Defendant has therefore met its burden in demonstrating that a transfer is appropriate under 28 U.S.C. §1404(a).   For this reason, Defendants' Motion to Transfer, (D.E. 17), is **GRANTED,** and this matter will be transferred to the United States District Court for the Southern District of New York. Plaintiffs' motion to stay is **terminated** as moot.   The Order implementing this decision shall be stayed for twenty (20) days to accommodate any appeal to the District Court.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/2/2015 5:11:23 PM

14